NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Criminal No. 13-136 (CCC) |
| v. | : | |
| | : | OPINION |
| ROYCE DEDEAUX, | : | |
| | : | |
| Defendant. | : | |

Presently before the Court is Defendant Royce Dedeaux's motion to sever counts in the indictment pursuant to Federal Rules of Criminal Procedure 8(a) and 14. Plaintiff United States of America opposes Defendant's motion. For the reasons stated herein, the Court denies the motion for severance.

I. **BACKGROUND**

On February 20, 2013 a federal grand jury returned a five-count indictment against Defendant Royce Dedeaux ("Defendant"). Count one charged Defendant with conspiracy to commit carjacking in violation of 18 U.S.C. § 371 and § 2119. Counts two and four charged Defendant with carjacking in violation of 18 U.S.C. § 2119(1) and § 2. Counts three and five charged Defendant with possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and § 2. Defendant was charged with brandishing a firearm in count three, and discharging a firearm in count five. The charges arose from two armed carjackings that occurred on September 19, 2011 at approximately 9:17 p.m. and September 20,

2011 at approximately 1:13 a.m. Counts two and three arose out of the first carjacking and counts four and five arose out of the second carjacking.

During the September 19, 2011 incident, Defendant allegedly carjacked a Jaguar at gunpoint in Newark, NJ. (Indictment; Def. Mot. at 7). The government alleges that the victim was in his Jaguar at a red light when a white BMW bumped his car from behind. (Opp'n to Def.'s Mot. at 3). The government contends that Defendant then exited the white BMW, walked up to the victim's Jaguar, pointed a gun at the victim's head, and ordered him out of the vehicle. Id.

Approximately four hours later, the second alleged Newark carjacking occurred. (Indictment; Def. Mot. at 7). The government alleges that an off-duty Newark Police Officer, D.M., was in his Acura at a red light when Defendant used a white BMW to bump into the Acura from behind. (Opp'n to Def.'s Mot. at 4). The government contends that Defendant exited the white BMW, approached D.M.'s Acura, and displayed a weapon. Id. D.M. then aimed his off-duty handgun at Defendant, who then allegedly shot at D.M. Id. D.M. returned fire and hit Defendant, who allegedly fled in D.M.'s Acura. Id. The government states that Defendant was later dropped off at the hospital by a white BMW for treatment of his gunshot wounds, and Defendant's DNA was later found in D.M.'s Acura. Id.

For the reasons that follow, the Defendant's pretrial motion to sever will be denied.

## II. MOTION TO SEVER COUNTS

Defendant has moved to sever counts 2 and 3 of the indictment and to sever any mention of the carjacking on September 19, 2011 from the indictment pursuant to Rule 14 of the Federal Rules of Criminal Procedure.

Federal Rule of Criminal Procedure 8 governs the joinder of offenses, while Rule 14 describes relief from prejudicial joinder. Pursuant to Fed. R. Crim. P. 8(a), multiple offenses may be joined if the offenses are 1) "of the same or similar character," 2) "are based on the same act or transaction," or 3) "are connected with or constitute parts of a common scheme or plan." Even if joinder is proper under Rule 8(a), a court "may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires" if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14.

Under Rule 14, "[a] district court enjoys considerable latitude in deciding whether to sever offenses." United States v. Hadaway, 466 F. App'x 154, 157 (3d Cir. 2012), cert. denied, 132 S. Ct. 1987 (2012). For severance to be granted under Rule 14, "a defendant must demonstrate clear and substantial prejudice resulting in a manifestly unfair trial." United States v. Hagins, 452 F. App'x 141, 146 (3d Cir. 2011), cert. denied, 133 S. Ct. 255 (2012) (citing United States v. Eufrasio, 935 F.2d 553, 569 (3d Cir. 1991)). "Mere allegations of prejudice are not enough." United States v. Reicherter, 647 F.2d 397, 400 (3d Cir. 1981). Furthermore, severance is not required even if a defendant "establish[es] that severance would improve the defendant's chance of acquittal." Id. at 400; see United States v. Hadaway, 466 F. App'x 154, 157 (3d Cir. 2012), cert. denied, 132 S. Ct. 1987 (2012). In deciding whether to sever, a district court must balance "possible prejudice to the defendant against interests of judicial economy." Reicherter, 647 F.2d at 400.

In this case, Defendant asserts that the counts in the indictment were prejudicially joined. (Def. Mot. at 8-9). The government argues in opposition that the Defendant has not shown sufficient prejudice to sever the counts under Rule 14. (Opp'n to Def.'s Mot. at 7). The Court agrees with the government that Defendant has not provided sufficient support for his claim that

3

joinder is prejudicial. Here, the two charged carjackings occurred within hours of each other and were conducted in a substantially similar manner.[1] Based on the similarity and timing of the two carjackings, it is reasonable to consider them as part of a common scheme or plan. The court finds that Defendant's assertion of prejudice is insufficient.

### III.  CONCLUSION

For the foregoing reasons, Defendant's motion to sever counts 2 and 3 of the indictment is denied. Defendant's motion to sever any mention of the carjacking on September 19, 2011 from the indictment is denied.

An appropriate Order accompanies this Opinion.

DATED: November 1, 2013

CLAIRE C. CECCHI, U.S.D.J.

---

[1] When there would be a substantial overlap in evidence presented in separate trials, the Third Circuit has found no prejudice in joining the counts and that the public interest in judicial economy favors joinder. See United States v. Thomas, 610 F.2d 1166, 1169-71 (3d Cir. 1979). Pursuant to Federal Rule of Evidence 404(b), evidence of a "crime, wrong, or other act" may be admissible during trial to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Here, if the charges were severed, evidence of each charged carjacking would likely be admissible at the trial of the other charge. Thus, joinder is preferable in this case. See Thomas, 610 F.2d at 1171.